IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TIMMY RAY BRONSON                                                            PLAINTIFF

V.                               CASE NO. 5:16-CV-5344

SHERIFF TIM HELDER; SGT. J.
BYRD; SGT. N. AKE; SGT. GARDNER;
JAY CANTRELL; LT. REESER; and
CHAPLIN ADAMS, et al.                                      DEFENDANTS

## OPINION AND ORDER

Plaintiff Timmy Ray Bronson filed this 42 U.S.C. §1983 action *pro se* on December 2, 2016. (Doc. 1). At the time of filing, Plaintiff was incarcerated in the Washington County Jail. On February 28, 2017, the Court entered an Initial Scheduling Order, a copy of which was mailed to Plaintiff at the Washington County Jail. On April 3, 2017, the mail was returned as undeliverable, with no new address provided. (Doc. 18). On April 26, Defendants filed a Motion to Dismiss, arguing that this case should be dismissed due to Plaintiff's failure to comply with Local Rule 5.5(c)(2) of the United States District Court for the Western District of Arkansas. Thereafter, on April 26, 2017, the Court entered an Order to Show Cause (Doc. 24), ordering Plaintiff to respond and show cause as to why the case should not be dismissed due to his failure to keep the Court and opposing counsel aware of his current address at all times. Plaintiff was ordered to respond by May 12, 2017, and advised that a failure to respond to the order would result in the dismissal of his case. The Order to Show Cause was also returned as undeliverable (Doc. 25) and to date, no response has been received.

Local Rule 5.5(c)(2) states:

Parties appearing pro se. It is the duty of any party not represented by counsel to promptly notify the court and other parties to the proceedings of any change of his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. A party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Therefore, the case is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute this action and for failure to follow the rules of the Court.

**IT IS SO ORDERED** on this 6th day of June, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE